UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

Bobby D. Davis-Bey,

        Plaintiff,        Case No. 14-cv-12315
                                      Hon. Judith E. Levy
                                      Mag. Michael J. Hluchaniuk

       v.

State of Michigan et al.,

        Defendants.

_____/

**<u>ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* [2] AND DISMISSING
COMPLAINT [1] PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)</u>**

Before the Court is plaintiff Bobby D. Davis-Bey's complaint (Dkt. 1) and application to proceed *in forma pauperis* (Dkt. 2). This is one of three similar complaints plaintiff filed in this district on June 2 and June 12, 2014. The other two have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See* Case Nos. 14-12167, 14-12317.

Plaintiff, a resident of Michigan, brings this action against the State of Michigan, the Michigan Department of Motor Vehicles, the City of Novi, Michigan, the Novi Police Department, Judge Robert M. Bondy of the 52nd District Court, Novi police officer J. Brandon, and Scott

Russell Baker. Plaintiff styles his complaint as an "affidavit / counterclaim / legal notice of removal" of a case from the 52nd District Court in Novi, either case number 14-002213 or 14-21779. That case appears to be related to a May 2014 traffic stop plaintiff alleges was illegal.

Plaintiff claims to be a citizen of a foreign nation; namely, the "Moorish National and Divine Movement of North, South and Central America's etc." His 49-page complaint is very difficult to comprehend. To the extent plaintiff's claims can be ascertained, he appears to seek dismissal of the state court case for failure of service, failure to state a claim, and lack of jurisdiction. Plaintiff also appears to claim violation of his constitutional right to travel, violation of rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments, violation of various federal and state statutes, conspiracy, fraud, and unlawful detention.

For the reasons that follow, plaintiff's application to proceed *in forma pauperis* will be granted. Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Proceeding *In Forma Pauperis*

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).

The Court has reviewed plaintiff's application and finds that it "contains allegations of poverty sufficient to allow [him] to proceed without prepayment of costs."[1] *Id.* at 262.

### II. Removal

If plaintiff's intent was to remove the 52nd district court case, the removal was improper, since plaintiff failed to follow the statutorily-mandated procedures for removal by not filing a copy of all process, pleadings, and orders from the state court action. *See* 28 U.S.C. § 1446(a). Nor is there any indication that plaintiff has given notice to

---

[1] In his application to proceed *in forma pauperis*, plaintiff states that he earns $710 per month and has $1000 in a bank account. He has no other assets and is responsible for one dependent.

3

the adverse parties in that action, or filed a copy of the removal notice with the clerk of the 52nd district court. As a result, the removal was not effective. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice . . . the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal . . .").

Even if plaintiff had followed the proper procedure for removal, this Court lacks jurisdiction because the case is not removable. Only civil actions over which the federal district courts have original jurisdiction may be removed. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of proving removal is proper, and all doubts are resolved against removal. *Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Nothing here indicates that the 52nd district court case raises a federal question or that complete diversity exists among the parties to that case, plaintiff's indication on the civil cover sheet that he is a foreign nation notwithstanding.

### III. Dismissal

Construing plaintiff's claims, such as they are, as a complaint originally filed in this Court, the claims must be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B).

The Supreme Court has noted that § 1915 was created to give indigent litigants "meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* Thus, a plaintiff proceeding *in forma pauperis* must meet the standards of 28 U.S.C. § 1915(e)(2)(B), which requires courts to dismiss complaints that (1) are frivolous; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Complaints from pro se litigants must be construed liberally in the light most favorable to the plaintiff and courts must accept all factual allegations as true. *Tacket v. M & G Polymers, USA LLC*, 561 F.3d 478, 488 (6th Cir. 2009). However, "the tenet that a court must accept as true all the

allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, plaintiff has alleged no facts that state a plausible claim to relief. In fact, even construing plaintiff's complaint liberally, it is unclear what plaintiff's claims are. At various points plaintiff mentions fraud, conspiracy, illegal detention, breach of contract, violation of his right to travel, violation of his Fourth, Fifth, and Ninth Amendment rights, and violation of federal criminal statutes. But plaintiff alleges no facts sufficient to state a plausible claim for relief on any of those grounds. By way of example, perhaps plaintiff's clearest articulation of a claim is his assertion that his 4th Amendment rights were violated by officers "searching his person." No other facts are alleged. Plaintiff's complaint must therefore be dismissed for failure to state a claim.

Plaintiff's ostensible claims are precluded on other grounds as well. For example, one claim appears to be that Michigan's driver's license requirement violates plaintiff's constitutional right to travel. This claim clearly "lacks an arguable basis in law" and must be dismissed as frivolous pursuant to section 1915(e)(2)(B)(ii). *See Neitzke*, 490 U.S. at 328. Similarly, plaintiff's claims for monetary relief against

6

the state of Michigan and the Michigan Department of Motor Vehicles must be dismissed pursuant to section 1915(e)(2)(B)(iii), as those claims are barred by the Eleventh Amendment.

## IV. Conclusion

Accordingly, the Court ORDERS that

Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is GRANTED; and

Plaintiff's complaint (Dkt. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court also certifies that any appeal from this decision could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: July 28, 2014　　　　　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2014.

　　　　　　　　　　　　　　　　s/Felicia M. Moses
　　　　　　　　　　　　　　　　FELICIA M. MOSES
　　　　　　　　　　　　　　　　Case Manager